**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TIMOTHY K. LWANGA,

        Plaintiff,

v.                                   Case No. 3:11-cv-114-J-34TEM

REGIONAL MEDICAL DIRECTOR
DR. PAGE SMITH, et al.,

        Defendants.

_____

**REPORT AND RECOMMENDATION**[1]

    Plaintiff Timothy K. Lwanga,[2] while an inmate of the Florida Department of Corrections ("FDOC"), initiated this action by filing a <u>pro se</u> Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 on February 7, 2011.  Lwanga filed an Amended Complaint (Doc. 26) on April 20, 2012, and is now proceeding on a Second Amended Complaint ("Complaint") (Doc. 36), filed on November 2, 2012, in which he names the following Defendants: (1) Dr. Page Smith, M.D., Regional Medical Director at the North Florida Reception and Medical Center ("RMC"); (2) Officer J.B. Hall III, a correctional officer at Columbia Correctional Institution ("CCI"); and (3) "unknown medical personnel" at RMC. Lwanga asserts that the Defendants violated his Eighth Amendment right to be free from

_____

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a <u>de novo</u> determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] For the sake of brevity, the Court will refer to Plaintiff as Lwanga, his surname, when appropriate.

cruel and unusual punishment when Officer Hall assaulted him, when Dr. Page Smith failed to train and supervise her subordinates, and when "unknown medical personnel" deprived him of medical treatment and delayed medical care.

This cause is before the Court on Defendant Hall's Third Motion to Dismiss (Motion to Dismiss) (Doc. 37). Plaintiff has responded.[3] See Plaintiff's Response (Doc. 41). Pursuant to the Standing Order (Doc. 1) in Case No. 3:12-mc-44-J-99MMH-JBT, the dispositive motion has been referred to the undersigned for issuance of a report and recommendation. For the reasons stated herein, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**.

## I.   Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). However, pro se pleadings should be "liberally construed." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th

---

[3] The Court advised the pro se Plaintiff of the relevant provisions of the Federal Rules of Civil Procedure and gave him an opportunity to respond to the Motion to Dismiss. See Order (Doc. 6) at 4, paragraph 10; Order (Doc. 21) at 1, paragraph 2; Order (Doc. 39).

Cir. 2011) (per curiam) (quoting <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)).

## II.   <u>Summary of Plaintiff's Complaint</u>

Lwanga sues Defendant Hall for unnecessary and improper use of force where Hall allegedly failed to follow the FDOC's policy for use of force situations.  Lwanga claims that there was no valid penological purpose for Defendant Hall's December 24, 2008 use of force upon him, that Lwanga never provoked, opposed, resisted, or attacked Hall, and that Hall's use of force was premeditated.  Complaint at 6, 7.  Lwanga asserts that Hall's use of force was predicated by two previous verbal exchanges between Hall and Lwanga on December 23rd and December 24th, which shows Hall's motive for the unjustified attack. <u>Id</u>. at 7.

Plaintiff Lwanga alleges the following facts in his Complaint in support of his Eighth Amendment claim against Defendant Hall.  When Hall was assigned to Dormitory A on December 24th, Lwanga was performing his duties as a library clerk.  <u>Id</u>. at 6.  On that day, as part of the assignment and daily routine, Lwanga was working on the computer when Hall entered the library.  <u>Id</u>.  Officer Hall ordered that the music be turned off because he found it to be inappropriate.  <u>Id</u>.  Notably, according to Lwanga, the music catalogue in the institution's library, "is censored, sanctioned, approved and provided by the State."  <u>Id</u>. Since Lwanga was "absorbed in his work," he did not hear Hall's initial directive.  <u>Id</u>. Therefore, Officer Hall went to Lwanga's work station and addressed Lwanga with "vulgar, vile and profane language."  <u>Id</u>.  Hall asked Lwanga: "You f . . . library clerk[,] didn't you hear me ask you to turn that music off?"  <u>Id</u>.  Lwanga apologetically informed Hall that he

did not hear the initial directive.  Id.  Lwanga then "willingly complied with the verbal order by turning the radio off."  Id.

Next, Officer Hall ordered all the other inmates to vacate the library, leaving only Lwanga and Officer Hall.  Id.  Informing Lwanga that he would be taken to confinement, Hall ordered Lwanga to come out from behind the desk.  Id.  Lwanga complied with Hall's order and then "assumed the submission position."  Id.  According to Lwanga, Hall handcuffed Lwanga without any resistance from Lwanga.  Id.  Then, Lwanga "politely asked" Hall why he was being taken into custody.  Id.  Notably, according to Lwanga, he merely inquired about his upcoming confinement status, but did not challenge Hall's authority.  Id.  Lwanga inquired politely, not in a belligerent manner.  Id.  Lwanga did not provoke Hall; however, Hall continued with "his tirade" and again used profane language. Id.  Again, Lwanga attempted to inquire as to why he was being taken into custody.  Id. Then, Hall shoved Lwanga against the wall and said: "You f . . . foreigner keep your mouth shut" and placed Lwanga in a choke hold.  Id.  According to Lwanga, he was in handcuffs "all this time" and never lunged backwards towards Officer Hall.  Id.

After the incident, Lwanga informed Hall that his right arm was numb with a tingling sensation and that pain was radiating down his arm.  Id.  That same day, Lwanga went to the emergency room, where he informed an emergency room physician that he had sustained injuries from Hall's choke hold.  Id. at 8.  The physician ordered an x-ray, noted the swelling on Lwanga's right hand, issued a neck brace, and then discharged Lwanga without dispensing pain medication and without a follow-up appointment.  Id.  Lwanga was then taken to confinement.  Id.  Since Hall's choke hold, Lwanga has undergone three neck and spinal cord surgeries and extensive physical therapy.  Id. at 7.

4

Lwanga complains that his nine witnesses were not called to testify on his behalf at the disciplinary hearing; but, instead, the disciplinary team relied upon Hall's statement to conclude that Lwanga was guilty of the disciplinary infraction. Id. Additionally, at the disciplinary hearing, the institutional classification team expressed concern that Hall had ordered all the other inmates, except Lwanga, to vacate the library, and that Hall failed to call for backup officers. Id. According to Lwanga, Hall's failure to call for backup officers was a departure from the FDOC's policy on use of force. Id.

Based upon these alleged events, Lwanga contends that Defendants Hall, Dr. Page Smith and "unknown medical personnel" subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Id. at 5. Plaintiff sues the Defendants in their official capacities for monetary damages (nominal, compensatory and punitive damages). Id. at 11. As injunctive relief, he requests that the Court direct the Defendants to implement appropriate policies and practices to ensure that: prisoners receive timely and adequate medical care, that prisoners are not subjected to excessive force, and that the Defendants' subordinates are properly trained and monitored. Id.

## III.   Defendant Hall's Motion to Dismiss

Defendant Hall denies Plaintiff's allegations of wrongdoing. First, Hall claims that, to the extent that Lwanga is suing him in his official capacity for damages, he is entitled to Eleventh Amendment immunity. Motion to Dismiss at 6-7. Secondly, Hall seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks subject matter jurisdiction because Lwanga's Eighth Amendment claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997) .

Defendant Hall points out that Lwanga received a disciplinary report in connection with the incident at issue, for which he lost gain time, and the disciplinary conviction remains valid, despite Lwanga's disagreement with the facts underlying the conviction. Defendant submits that a finding in Lwanga's favor would necessarily imply the invalidity of Lwanga's conviction.

In support Defendant Hall's Motion to Dismiss based on Heck and Balisok, he submitted two exhibits (Def. Ex.): (1) Def. Ex. A, the December 24, 2008 disciplinary report (Log # 209-081497) for attempted assault upon a correctional officer, violation code # 0119, and (2) Def. Ex. B, Inmate Disciplinary Actions as of 11/09/12 (showing 180 days of lost gain time for the December 24, 2008 infraction).[4]

## IV.   Law and Conclusions

## A.   Eleventh Amendment Immunity

Defendant Hall asserts that, to the extent that Lwanga sues him in his official capacity for monetary damages, he is entitled to Eleventh Amendment immunity. Motion to Dismiss at 6-7. In Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing

---

[4] See Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008) (stating "[w]here exhaustion - like jurisdiction, venue, and service of process - is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record"); Chipman v. Whelan, Case No. 2:10-cv-321-FtM-29DNF, 2011 WL 4389605, at *1 (M.D. Fla. Sept. 21, 2011).

specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. <u>See</u> <u>Gamble</u>, 779 F.2d at 1513-20.

Accordingly, in <u>Zatler</u>, the court found that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity. <u>Id</u>. Thus, insofar as Plaintiff seeks monetary damages from Defendant Hall in his official capacity, the Eleventh Amendment bars suit.[5] Therefore, the undersigned recommends that Plaintiff's claim for monetary damages (for alleged 42 U.S.C. § 1983 violations) from Defendant Hall in his official capacity be dismissed.

## B.   <u>Eighth Amendment Claim Relating to the Use of Force</u>

Lwanga asserts that Defendant Hall violated his Eighth Amendment right to be free from cruel and unusual punishment when he assaulted him on December 24, 2008.[6] Defendant Hall argues that Lwanga's assertions against him under 42 U.S.C. § 1983 are barred under <u>Heck</u> and <u>Balisok</u> because Lwanga's allegations call into question the validity of his disciplinary conviction for assault or attempted assault on a correctional officer.  <u>See</u>

---

[5] "While state defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment, they are not immune from claims seeking prospective declaratory or injunctive relief." <u>Smith v. Fla. Dep't of Corr.</u>, 318 F. App'x 726, 728 (11th Cir. 2008) (per curiam) (citing <u>Powell v. Barrett</u>, 496 F.3d 1288, 1308 n.27 (11th Cir. 2007), and <u>Fla. Ass'n of Rehab. Facilities v. Fla. Dep't of Health and Rehabilitative Serv.</u>, 225 F.3d 1208, 1220 (11th Cir. 2000)).

[6] Lwanga also asserts that Officer Hall failed to follow FDOC's procedure that required him to call for backup officers. Even assuming Lwanga's assertion to be true, such an action does not rise to the level of a federal constitutional violation. <u>See</u> <u>Losey v. Warden</u>, No. 12-16363, 2013 WL 2450736, at *2 (11th Cir. June 4, 2013) (citation omitted); <u>Taylor v. Adams</u>, 221 F.3d 1254, 1259 (11th Cir. 2000) (stating "failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence").

Motion to Dismiss at 7-13.  On December 24, 2008, Defendant Hall wrote a disciplinary report concerning the incident involving Lwanga.  The disciplinary report (Log No. 209-081497)[7] was issued for violation of Florida Administrative Code Rule 33-601.314, Section 1 - "Assault, Battery, Threats, and Disrespect," violation code 1-19, "assault or attempted assault on a correctional officer."[8]  Defendant Hall provided the following statement of facts:

> On 12-24-08 at approximately 3:00 pm while assigned as A-dorm housing officer, I was conducting a security check of the general library.  As I was conducting my check[,] I noticed the music playing was inappropriate.  I then ordered the library clerk inmate Lwanga, Timothy 400403 several times to turn the music off, at which time Lwanga failed to comply.  I then ordered all remaining inmates to exit the library.  I then ordered inmate Lwanga to submit to handcuffs at which time inmate Lwanga turned around facing away from me and then lunged backwards towards me.  I then grabbed inmate Lwanga around the shoulders and attempted to pin him against the wall, at which time Lwanga became stiff and ridged.  I then gave inmate Lwanga several orders to cease his actions.  Inmate Lwanga then stated that he would submit to handcuffs, at which time I released my grip and secured his left arm with one restraint. Inmate Lwanga then attempted to pull away, at which time I grasped his right wrist with my right hand and secured it in the other restraint.  I then notified the shift OIC [(Officer in Charge)] who responded with a camera.  Inmate Lwanga was escorted from the area with no further force or incident.

Def. Ex. A, Disciplinary Report, Section I, Statement of Facts, at 1.  Officer Kimberly W. Hayes conducted an investigation, beginning on December 24th, and ending on January

---

[7] As previously noted, the disciplinary report (Def. Ex. A) showing the basis for the disciplinary team's finding of Lwanga's guilt for assault or attempted assault on Correctional Officer Hall  is referenced only to demonstrate the matter of abatement or lack of subject matter jurisdiction.  See Bryant v. Rich, 530 F.3d at 1376.

[8] The accompanying table of offenses shows the established maximum penalties. For violation 1-19, up to 60 days of disciplinary confinement may be imposed, and up to 180 days of gain time may be taken.

7, 2009. Id., Section II, Investigation, at 1.  Lwanga "had nine witnesses that voluntarily provided their affidavits" for the investigation.  Complaint at 7; Def. Ex. A at 1 (listing nine inmate witnesses who provided DC6-112C forms as part of the investigation).  The hearing was delayed to obtain statements from Lwanga's witnesses.  Def. Ex. A at 2.  As acknowledged by Lwanga, see Complaint at 7, the disciplinary team's January 8, 2009 finding of guilt for "ASSAULT/ATT/CO" (assault or attempted assault on a correctional officer) was based on Officer Hall's statement, see Def. Ex. A at 2.  As a result of the finding of guilt, the disciplinary hearing team sanctioned Lwanga with sixty (60) days of disciplinary confinement and a forfeiture of one hundred and eighty (180) days of gain time.  The disciplinary conviction is still valid and remains on Lwanga's FDOC prison record.  See Def. Ex. B.

Thus, relying upon Heck v. Humphrey, 512 U.S. 477, and Edwards v. Balisok, 520 U.S. 641, Defendant Hall contends that Plaintiff's action is not cognizable under 42 U.S.C. § 1983 since it calls into question the validity of his disciplinary conviction.  In Heck v. Humphrey, the United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if

> it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted).

Further, the United States Supreme Court stated:

> [I]n Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), we applied Heck in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served.  In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.

Muhammad v. Close, 540 U.S. 749, 751 (2004) (per curiam).

In 2011, the Eleventh Circuit addressed a prisoner's § 1983 excessive force and conspiracy claims.   See Richards v. Dickens, 411 F. App'x 276 (11th Cir. 2011) (per curiam).   In that case, the district court granted summary judgment in favor of the defendants.  On appeal, Richards claimed that the district court erred in ruling that his § 1983 claims were barred by Heck because he did not seek to expunge the disciplinary actions against him.   He argued that the disciplinary actions were not necessarily inconsistent with his § 1983 claims, which were based on the premise that he did not instigate the altercation, but instead acted in self-defense.  In affirming the district court's decision, the Eleventh Circuit stated:

> Richards' § 1983 excessive force and conspiracy claims, which are based on the premise that he acted in self-defense, and the prison disciplinary actions against him, which are based on the fact that he started the scuffle with the officers, are contradictory. Absent expungement or invalidation of those

10

> disciplinary actions, Richards' claims are barred by <u>Heck</u>. His argument that <u>Heck</u> is inapplicable because he is not seeking to expunge his disciplinary actions misses the mark. As we have already discussed, the relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits. Because Richards' § 1983 excessive force and conspiracy claims necessarily imply the invalidity of the disciplinary actions that deprived him of good-time credits, he cannot pursue those claims under § 1983.

<u>Id</u>. at 278-79 (footnote omitted).

In Lwanga's Complaint now before this Court, Lwanga asserts that, on December 24, 2008, Defendant Hall attacked him without provocation. Thus, Lwanga's claim is based on the assertion that the disciplinary charge he received for assault or attempted assault on Defendant Hall is false. He alleges that he did nothing that would justify Defendant Hall's use of force upon him, but that Hall assaulted him without any provocation. Despite Lwanga's claim that he never assaulted Defendant Hall and that no force was necessary to restrain Lwanga  (since Hall had already handcuffed him), <u>see</u> Complaint at 6; Plaintiff's Response at 1, Lwanga was convicted of a prison disciplinary charge for assault or attempted assault on Defendant Hall. <u>See</u> Complaint at 7; Plaintiff's Response at 2.

In light of Lwanga's allegations, a judgment in favor of Lwanga in this action would call into question the validity of the prison disciplinary conviction. Undoubtedly, the premise upon which he bases his Complaint "would contradict the factual basis for the disciplinary action[] that deprived him of good-time credits." <u>Richards</u>, 411 F. App'x at 279 n.2. Believing Lwanga's version of the events would necessarily imply that the officer fabricated the disciplinary charge contained in the disciplinary report, for which Lwanga was found guilty and for which he lost gain time. Lwanga does not allege that the officer's actions

11

were an excessive response to Lwanga's assaultive behavior upon him.  Instead, Lwanga states that he neither resisted, opposed, lunged backwards nor attacked Defendant Hall, but rather submitted to the handcuffing.  Lwanga adamantly states that he was never belligerent, but was polite and apologetic.  He asserts that he never provoked the attack, but that the Officer Hall's force was cruel and unusual punishment in that the Hall had actually "premeditated" the attack upon Lwanga.  Complaint at 7.

Indeed, a determination of whether a claim is barred by Heck turns on the Lwanga's allegations.  "[F]or Heck to apply, it must be the case that a successful § 1983 suit and the underlying conviction be logically contradictory." Dyer v. Lee, 488 F.3d 876,  884 (11th Cir. 2007).  Here, there is a logical contradiction.  In this action, Lwanga alleges that he did not assault Officer Hall, but that Hall "had ulterior motives and the attack on the Plaintiff on December 24th was premeditated."  Complaint at 7.  Thus, in essence, Lwanga's claim is based on the assertion that the disciplinary charge against him is false.[9]

An action under 42 U.S.C. § 1983 simply will not lie and should be dismissed if the remedy or remedies sought in the action would "necessarily imply the invalidity of the punishment imposed" in a prison disciplinary proceeding. Edwards v. Balisok, 520 U.S. at 648.  Since Lwanga asserts that Defendant Hall premeditated the attack upon him and then assaulted him without any provocation, these allegations, if proven, would necessarily imply the invalidity of the prison disciplinary conviction.  However, Lwanga has not alleged the reversal of the disciplinary report at issue or presented documents which reflect that he has

---

[9] It is irrelevant that Plaintiff may disclaim any intention of challenging his prison disciplinary conviction if he has made allegations that are inconsistent with the conviction having been valid.

caused the disciplinary proceedings to be set aside through the administrative, state or federal remedies available to him.   Thus, since Lwanga's Eighth Amendment claim of excessive use of force upon him by Officer Hall is barred by Heck, the undersigned recommends that Defendant Hall's Motion to Dismiss be granted as to this claim.

## C.   Frivolity

As previously stated, Lwanga is proceeding in forma pauperis in this action.  Despite the fact that Lwanga is no longer incarcerated, the Court is required to review the Complaint to determine whether it is frivolous, malicious or fails to state a claim.  See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).[10]   The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Section 1915(e)(2)(B)(I) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  "Frivolous claims include claims 'describing fantastic or delusional

---

[10] This Court recognizes that 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis.  See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (finding that the district court did not err in dismissing a § 1983 complaint under the in forma pauperis statute for failure to state a claim, where the complaint challenging the conditions of confinement of a civilly committed detainee failed to assert facts regarding each particular defendant's involvement in the alleged violations).

scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  Bilal v. Driver, 251 F.3d at 1349.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted).  Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)).  More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983.  See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under 42 U.S.C. § 1983.

Lwanga's assertions relating to Officer Hall's verbal abuse towards him are as follows: Defendant Hall addressed Lwanga with "vulgar, vile and profane language," (Complaint at 6); Hall asked Lwanga: "You f . . . library clerk[,] didn't you hear me ask you to turn that music off?" (Id.); Hall continued "his tirade" and again used profane language. (Id.); Hall commented:  "You f . . . foreigner[,] keep your mouth shut." (Id.); Hall cursed at

Lwanga. (Id. at 7); and Hall "intimidated" Lwanga by telling him he would like to put handcuffs on him. (Id.).  These allegations do not state a claim of federal constitutional dimension. It is well established that mere verbal abuse does not rise to the level of a constitutional violation.  See Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that mere verbal taunts are insufficient to state a constitutional violation); see also Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (per curiam) (holding that plaintiff's allegations of verbal abuse and threats by prison officials did not state a constitutional claim because "verbal abuse alone is insufficient to state a constitutional claim").  Accordingly, the undersigned recommends that Lwanga's claim of verbal abuse be dismissed as frivolous.

As to Defendant Dr. Page Smith, M.D., Lwanga asserts that Dr. Smith, as the Regional Medical Director, violated Lwanga's Eighth Amendment right when she failed to adequately train and supervise her subordinates.  The Eleventh Circuit has stated:

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted).  "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted).[11]  "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).
>
> "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible

---

[11] Gonzalez v. Reno, 325 F.3d 1228 (11th Cir. 2003).

> supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted).[12]   "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008), overruled in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Further, the Eleventh Circuit stated:

> In a § 1983 suit, liability must be based on something more than respondeat superior. Brown,[13] 906 F.2d at 671. Supervisory liability can be found when the supervisor personally participates in the alleged constitutional violation, or when there is a causal connection between the supervisory actions and the alleged deprivation. Id. A causal connection can be established through a showing of a widespread history of the violation. Id. at 672.

Reid v. Sec'y, Fla. Dep't of Corr., 486 F. App'x 848, 852 (11th Cir. 2012).

Moreover, a supervisory official is not liable under § 1983 for a failure to train his subordinates unless that failure to train amounts to a deliberate indifference. See Thomas v. Poveda, No. 12-11448, 2013 WL 1760587, at *5 (11th Cir. Apr 24, 2013) (citation omitted).  Here, Lwanga did not make any allegations supporting a conclusion that the alleged failure to train amounted to deliberate indifference, such as a history of abuse by

---

[12] Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

[13] Brown v. Crawford, 906 F.2d 667 (11th Cir. 1990).

16

subordinates that put Dr. Page Smith, as a supervisor, on notice of the need for corrective measures.  See Belcher v. City of Foley, Ala., 30 F.3d 1390, 1397-98 (11th Cir. 1994). Neither did Lwanga allege sufficient facts to suggest that Dr. Smith had a subjective knowledge of a risk of serious harm and disregarded that risk by conduct that is more than negligence.  See  Goebert v. Lee Cnty., 510 F.3d 1312, 1327 (11th Cir. 2007).

Thus, Lwanga's supervisory claims against Defendant Dr. Page Smith, M.D., fail since Lwanga has failed to allege any facts suggesting that Dr. Smith personally participated in the alleged constitutional violations.  Indeed, Lwanga's assertions establish that she did not.  Further, the record discloses no facts suggesting any causal connection between Dr. Smith's actions or inactions and the alleged constitutional deprivations.

While Lwanga alleges that he filed a grievance concerning his medical needs, he does not assert that Dr. Smith had any involvement with the review of that grievance. Indeed, the denial of a grievance, standing alone, is insufficient to establish personal participation in an alleged constitutional violation.  See Larson v. Meek, 240 F. App'x 777, 780 (10th Cir. 2007) (finding that a defendant's "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations") (citation omitted); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005) (per curiam) ("Because the failure of [the defendants] to take corrective action upon the filing of [the plaintiff]'s administrative appeal at the institutional level did not amount to a violation of due process, the district court properly determined that [the plaintiff] failed to state a claim under § 1983"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding that prison officials who were not involved in an inmate's termination from his commissary job, and whose only

17

roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct).  Accordingly, the undersigned recommends that Lwanga's claim as to Defendant Dr. Page Smith, M.D., be dismissed as frivolous.

D.      **"Unknown Medical Personnel" at RMC**

Since the February 7, 2011 filing of the initial Complaint (Doc. #1), Lwanga has asserted that "unknown medical personnel" at RMC denied him proper medical treatment. Lwanga filed an Amended Complaint (Doc. 26) on April 20, 2012, and is now proceeding on a Second Amended Complaint (Doc. 36), filed on November 2, 2012.  In his November 2, 2012 Complaint, Lwanga asserts that "unknown medical personnel" denied him proper and timely medical care after the December 24, 2008 physical encounter with Officer Hall. Complaint at 8.  Lwanga describes the "unknown medical personnel" as: (1) RMC nurses and an "APRN"[14] providing basic medical care to him from December 24, 2008, through March 2009, and (2) RMC medical staff attending to his recuperative needs after his May 12, 2009 surgery.  Id. at 8-11.  After over two and one-half years since the initiation of this lawsuit, Lwanga has had sufficient time to identify the RMC medical personnel who allegedly failed to provide him timely and proper medical care.

"[F]ictitious-party pleading is not permitted in federal court" unless a plaintiff describes the defendants with enough specificity to determine their identities.  See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted) (stating that,

_____

[14] An "APRN" is an advanced practice registered nurse with post-graduate education in nursing.

where the plaintiff identified the defendant in his complaint as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" in his complaint, "the description ... was insufficient to identify the defendant among the many guards employed at [Charlotte Correctional Institution], and the district court properly dismissed this claim").

Here, Lwanga has neither provided the names of the "unknown medical personnel" nor provided descriptions so specific that the RMC nurses could be identified and served. Lwanga's descriptions of the "unknown medical personnel" are insufficient to identify them among the many nurses employed at RMC during that extended time period (December 24, 2008, through March 2009, and after May 12, 2009). Thus, without sufficient specificity to allow the Court to identify who these unnamed parties are and what roles they played in the case, the undersigned recommends that the "unknown medical personnel" be dismissed from the action at this time.

**E.   Injunctive Relief**

Lwanga seeks injunctive relief from the Defendants. Specifically, he requests that they be ordered to implement appropriate policies and practices to ensure that: (1) prisoners receive timely and adequate medical care; (2) prisoners are not subjected to excessive force; and (3) Defendants' subordinates are properly trained and monitored. Complaint at 11. As of December 9, 2011, Lwanga was released from FDOC custody. An inmate's release from prison will moot that prisoner's claims for injunctive and declaratory relief. See Zatler, 802 F.2d at 399. The rationale underlying this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997), and, as a result, once the prisoner has been

released or transferred, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained.  See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects").   The Eleventh Circuit's general rule is that an inmate's transfer or release from prison will moot that inmate's claims for injunctive and declaratory relief.  See Mann v. McNeil, 360 F.App'x 31, 32 (11th Cir. 2010) (per curiam) (citing Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007)).   Thus, given that Lwanga is no longer incarcerated by the FDOC, the undersigned recommends that his claim for injunctive relief be found to be moot.

Accordingly, it is respectfully

**RECOMMENDED**:

1.      That Defendant Hall's Motion to Dismiss (Doc. 37) be **GRANTED**.

2.      That Plaintiff's claim for monetary damages from Defendant Hall in his official capacity be **DISMISSED**.

3.      That Plaintiff's claim of verbal abuse be **DISMISSED  as frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B).

4.      That Defendant Hall be **DISMISSED** as a Defendant in this action.

5.      That Plaintiff's claim against Defendant Dr. Page Smith, M.D., be **DISMISSED as frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B).

6.      That the "unknown medical personnel" be **DISMISSED** as Defendants in the case.

7.      That the Court find Plaintiff's claim for injunctive relief to be **MOOT**.

8.      That the Clerk be directed to enter judgment accordingly, terminate all pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of August, 2013.

THOMAS E. MORRIS
United States Magistrate Judge

sc 8/27
Copies to:
The Honorable Marcia M. Howard, United States District Judge
Timothy K. Lwanga
Counsel of Record